the legislature gave consent to the purchase for such and such purposes, the United States should exercise exclusive jurisdiction. Did they mean that if the United States should become the owner of land which it desired to use for such purposes, the legislature could not grant jurisdiction also, if within her limits? or is it but a just construction of the clause, that whenever the United States is the owner of the land which it uses for a fort or arsenal, the legislature of the state, by its own consent, may permit congress to exercise exclusive jurisdiction over such land? I think the latter the more reasonable construction, and the writ is denied. Writ denied.

## Case No. 6,313.

### Ex parte HEBBARD.

[See Case No. 6,314.]

## Case No. 6,314.

### In re HEBBARD.

[1 Mac. A. Pat. Cas. 543; 3 App. Com'r Pat. 65.]

Circuit Court, District of Columbia. Oct., 1857.

PATENTS — ANTICIPATION — COMBINATION — WATER COOLERS.

[1. A claim for a water-cooling pitcher, consisting of a combination of felt, as an elastic non-conducting packing, inserted between an interior porcelain pitcher and an exterior metallic shell, is not anticipated by an ice pitcher having two metallic walls, between which, in the process of manufacture, air becomes confined, such air not being designed as a non-conductor, and the use of double walls to intercept heat being expressly disclaimed.]

[2. The rule that the application of an old machine or combination to a new purpose does not involve invention does not hold good in the case of the application of a new combination to an old purpose.]

[3. If the change introduced by an applicant constitutes the mechanical equivalent of means used by a prior patentee, and, besides being an equivalent, it accomplishes some other advantages beyond the effect or purpose accomplished by the patentee, such further advantages may make it a patentable subject, as an improvement on the former invention.]

[This was an appeal by Alonzo Hebbard from the refusal of the commissioner to grant him a patent for a water-cooling pitcher. The patent was issued to Hebbard in accordance with this decision, November 3, 1857,— No. 18,546.]

Charles L. Burritt, for appellant.

MORSELL, Circuit Judge. The claim of the above-named Alonzo Hebbard, as set forth in his specification filed with his petition in this case, is in the following words: "What I claim is the use of the combination of the woolen cloth or felt covering as an elastic non-conducting packing for a porcelain or glazed-ware pitcher with the said porcelain or glazed-ware interior pitcher and external metallic shell or pitcher, for the purpose of making a water-cooling pitcher, as hereinbefore set forth." The nature of the invention consists in the use of the combination, as above stated, for the purpose of making a frigorific pitcher, and at the same time of great lightness, as well as non-destructible from the action of lemonades or other acidulated articles or liquids used as cooling drinks, or for other purposes. In the course of the examination of this claim a reference was given to the rejected claim of Haggard and Bull, 29th of September, 1855, as being substantially the same invention as Hebbard's, which therefore presents no patentable novelty, as appears by the letter of the acting commissioner dated the 1st of November, 1856. He states that "the use of non-conducting materials in double-walled vessels is common, and its application to the case where the outer wall has been used to protect the inner one is fully suggested thereby; and among known non-conducting materials the choice of one that is elastic, so as not to communicate a blow to the glass, is also directly and fully suggested by the common practice of using elastic packings for glass vessels, such as flasks and demijohns. * * * No new invention, therefore, is involved in the case, and a patent is refused."

As the final decision seems to be placed upon the authority of a different reference, and the one given above was not thought sufficient, I pass immediately, therefore, to the final decision, dated 24th July, 1857. The commissioner in his opinion says: "This application has been rejected on a reference to the rejected case of Haggard and Bull. That reference does not satisfy me. The object is not to construct a water cooler; and although plaster of Paris (a good non-conductor), or other suitable material, is introduced between the external and internal surfaces, it does not appear to have been in consequence of its non-conducting properties, but merely for the purpose of cementing the two surfaces together. Felt would not have answered the purpose of Haggard and Bull; plaster of Paris would not have fully satisfied the purpose of Hebbard, and some other similar materials would have been still less suitable. Stimpson's ice pitcher (patent No. 11,819, October 17th, 1854, antedated April 17th, 1854) seems much nearer anticipation of the present invention. It shows the interposition of a non-conducting substance between an external and internal wall or surface. It is true that the internal wall of Stimpson's pitcher is metallic, while that of Hebbard's is of porcelain or glassware. If there is any merit in this change of material, the claim should be founded entirely on that change. A similar remark will apply to the use of felt instead of confined air; so that, as the case now stands, I think the substantial combination the same as is found in Stimpson's ice pitcher, and that, therefore, the patent should be refused."

From this decision the appeal has been